**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MR. ASSANE NDOYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02822-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| FEDEX CORPORATION AND SUBSIDIARIES, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL WITHOUT PREJUDICE**

Tressa V. Johnson and Kristy L. Bennett, along with their firm, Johnson & Bennett, PLLC ("Counsel"), move to withdraw as counsel for Plaintiff Assane Ndoye in this matter. (ECF No. 20.)  They explain that "the Plaintiff and the undersigned counsel and firm have irreconcilable differences which warrant the firm's withdrawal as counsel for the Plaintiff."  (*Id.* at PageID 60.)  They explain further that Plaintiff does not oppose the motion and ask that the Court give Plaintiff 30 days to find new counsel or to notify the Court of his intent to proceed pro se.  (*Id.*)

Under Local Rule 83.5, "[a]ll motions for leave to withdraw shall include . . . the name and address of any substitute counsel.  If the name of substitute counsel is not known, the motion shall set forth the name, address and telephone number of the client, as well as the signature of the client approving the withdrawal[.]"  Here Counsel did not include the name of any substitute counsel in their motion to withdraw.  Nor did they include Plaintiff's name, address, telephone

number, and signature. Because Counsel failed to comply with Local Rule 83.5, the Court

**DENIES** the motion to withdraw **WITHOUT PREJUDICE**.

     **SO ORDERED**, this 19th day of July, 2021.

                                                     s/Thomas L. Parker
                                                   THOMAS L. PARKER
                                                   UNITED STATES DISTRICT JUDGE